IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CURTIS ROCHE,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT DENNIS PETTINGILL, Jr., an individual and licensed contractor, and YOUR COMFORT HEATING, AIR CONDITIONING & FIREPLACES, LLC, an expired Utah limited liability company,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND<br><br><br>Case No. 1:13-CV-41 TS<br><br>District Judge Ted Stewart |

  This matter is before the court on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss, which has been construed as an opposition to the Motion to Remand. For the reasons set forth below, the Court will grant the Plaintiff's Motion and remand this matter to state court.

## I. BACKGROUND

  On March 26, 2012, Curtis Roche filed a Complaint in the First Judicial District Court in and for Box Elder County, State of Utah, alleging negligence and breach of contract against Scott Dennis Pettingill, an individual, and Your Comfort Heating, Air Conditioning & Fireplaces, LLC ("Your Comfort"), an expired Utah corporation, in connection with the remodeling and restoration of a home on Roche's property in Hyrum, Utah. At the time of filing, the listed address of Your Comfort was in Brigham City, Utah.[1] Roche was a resident of

---

[1] Docket No. 1-3 Ex. 7.

1

Brigham City.² Roche made an allegation that Pettingill was also a resident of Brigham City, which Pettingilll has not denied. On or about February 26, 2013, Pettingill, proceeding pro se, filed a pleading that was interpreted as a petition for removal of the case to federal court.³ Pettingill claimed diversity as the basis of the Court's jurisdiction.⁴ On April 9, 2014, Roche filed a Motion to Remand.

## II. REMOVAL PURSUANT TO 28 U.S.C. § 1441

Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.⁵ Congress has allowed removal of civil actions to federal court under 28 U.S.C. § 1441(a) only if the action filed in state court "satisfies the requirements for original federal jurisdiction."⁶ Federal courts have original jurisdiction over cases where the parties are diverse in citizenship and the amount in controversy exceeds $75,000,⁷ or where the action arises under the Constitution, laws, or treaties of the United States.⁸ The party asserting jurisdiction must

---

² Docket No. 1-3, at 1.

³ It is difficult to determine whether Pettingill intended the document filed to be a complaint, a motion to remove, or both. Pettingill attached a civil cover sheet to the pleading naming himself as a plaintiff, third parties as defendants, and Pettingill apparently attempted to allege new causes of action. However, Pettingill failed to follow the procedures governing the filing of complaints, Fed. R. Civ. P. 3, 8; DUCivR 3-5, or third party practice. Fed. R. Civ. P. 14. Therefore, Pettingill's filing is considered only as a petition for removal. Should Pettingill seek to file a complaint, he must follow the federal and local rules.

⁴ Docket No. 8 Ex. 1.

⁵ *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

⁶ *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1287 (D. N.M. 2011).

⁷ 28 U.S.C. § 1332(a).

⁸ *Id.* § 1331.

overcome a presumption against removal.[9]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[10]

A.  DIVERSITY JURISDICTION

To establish jurisdiction based on diversity, the party seeking removal must first show that the citizenship of each plaintiff is diverse from that of each defendant.[11]  For diversity purposes, "state citizenship is equivalent to domicile" at the time the complaint is filed.[12]  A corporation is deemed a citizen of both the state where it is incorporated and the state where it has its principal place of business.[13]  Next, the party seeking removal must show that the amount in controversy exceeds $75,000.[14]  When a case has been removed, any uncertainties regarding the amount at stake are resolved in favor of remand.[15]

Here, Pettingill has failed to establish either complete diversity or the requisite amount in controversy.  First, Pettingill has done nothing to rebut Roche's assertions that all three parties are citizens of Utah aside from marking boxes on a civil cover sheet indicating that he is both a "citizen of this state" and a "citizen or subject of a foreign country."[16]  Even if it were possible

---

[9] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[10] 28 U.S.C. § 1447(c).

[11] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[12] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[13] *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

[14] *See* 28 U.S.C. § 1332(a).

[15] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[16] Docket No. 8, at 6.

for Pettingill to be a citizen of two nations for diversity purposes, there are no facts on the record supporting Pettingill's claim of foreign citizenship. Second, Pettingill failed to mention the minimum amount in controversy, and Roche's Complaint alleged only $4,505 in damages, $1,500 in attorney's fees, and $250 in other costs.[17] Under these circumstances, the Court cannot find "by the preponderance of the evidence[] that the amount in controversy exceeds the amount specified in section 1332(a)."[18]

B.   FEDERAL QUESTION JURISDICTION

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[19] "A civil action arises under federal law if its 'well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[20]

Here, Roche has alleged claims of negligence and breach of contract.[21] Both claims have been held "not to be a matter in controversy arising under the Constitution, laws or treaties of the

---

[17] Docket No. 1-3, at 12–13.

[18] 28 U.S.C. § 1446(c)(2)(B); *see Laughlin*, 50 F.3d at 873–74 (remanding where the defendant failed to establish a potential value of the claims in excess of the $10,000 amount alleged in the plaintiff's complaint).

[19] 28 U.S.C. § 1331.

[20] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

[21] Docket No. 1-3, at 9–12.

United States, and hence not posing a federal question."[22] Pettingill has failed to provide any evidence suggesting that a substantial federal question is implicated by either of Roche's claims.[23] Therefore, Pettingill has failed to establish subject matter jurisdiction under 28 U.S.C. § 1331. Additionally, to the extent Pettingill seeks to bring claims of his own, those claims fail for the reasons discussed above.

C.  PROCEDURAL REQUIREMENTS

In addition to establishing subject matter jurisdiction, a litigant seeking removal must follow procedures set out in the United States Code and the local rules of the federal court.[24] Where a litigant proceeds pro se, that party's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[25] However, the Tenth Circuit has "repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"[26]

---

[22] *Mescalero Apache Tribe v. Martinez*, 519 F.2d 479, 481–82 (10th Cir. 1975) (citations omitted); *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[23] *See Tinner v. Farmers Ins. Co., Inc.*, 504 F. App'x 710, 714 (10th Cir. 2012) (refusing to find federal question jurisdiction where the only mention of a federal claim was a checkmark next to 28 U.S.C. § 1343 as a basis for jurisdiction but the complaint was devoid of any facts supporting a civil rights claim).

[24] *See* 28 U.S.C. § 1446; *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (stating that district courts have discretion to adopt local rules that have the force of law).

[25] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[26] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Here, Pettingill has attempted to act on behalf of a corporation, contrary to the local rules of this Court.[27] In addition, Your Comfort failed to formally join in the petition for removal as required by 28 U.S.C. § 1446(b)(2)(A), although this issue was likely waived by Roche's failure to address it in a timely motion.[28] It is unnecessary, however, to address these procedural deficiencies because the Court does not have subject matter jurisdiction, as discussed above.

## III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Remand (Docket No. 8) is GRANTED.

The Clerk of the Court is directed to remand this matter to the First Judicial District Court in and for Box Elder County, State of Utah and close this case forthwith.

DATED this 8th day of July, 2014.

BY THE COURT:

TED STEWART
United States District Judge

---

[27] DUCivR 83-1.3(c); *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) (reiterating a long-standing rule that "a corporation may appear in the federal courts only through licensed counsel").

[28] 28 U.S.C. § 1447(c); *Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (concluding that the district court lacked discretion under § 1447(c) to remand based on a lack of unanimous consent where the motion to remand was not filed within thirty days after the notice of removal).